UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ERIC GOMEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:22-cv-00992-CLM-NAD |
| TODD HALL, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On August 8, 2022, Plaintiff Eric Gomez initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Consistent with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991); N.D. Ala. Local Rule 72.1. For the reasons stated below, the undersigned recommends that the court dismiss this action without prejudice based on Plaintiff Gomez's failure to prosecute.

## DISCUSSION

On September 12, 2022, Gomez was granted leave to proceed *in forma pauperis*. Doc. 5. Gomez was ordered to pay an initial partial filing fee of $134.86, and to return a signed Prisoner Consent Form to the Clerk of Court, both within 30 days. Doc. 5. That order advised Gomez that, if he wished to proceed with this

1

action, he must pay the initial partial filing fee and sign and return the attached Prisoner Consent Form within 30 days. Doc. 5 at 2. That order also advised Gomez that, if he did not comply within 30 days, "the court may dismiss this action without further notice, and Gomez will not be obligated to pay the $350.00 filing fee." Doc. 5 at 2.

On November 4, 2022, Gomez returned a signed Prisoner Consent Form (Doc. 6), but he did not pay the initial partial filing fee.

Consequently, on December 15, 2022, Gomez was ordered to pay the initial partial filing fee within 14 days. Doc. 7. That order again warned Gomez that the failure to pay the initial partial filing fee within the time provided "may result in the dismissal of this action." Doc. 7 at 2 (emphasis omitted).

More than 30 days have passed, but Gomez has not paid the initial partial filing fee or otherwise responded to that December 15, 2022, order.

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the court **DISMISS** this action **WITHOUT PREJUDICE** for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days**. The plaintiff must identify every objectionable finding of fact or

recommendation and state the specific basis for every objection.  The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.  Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice.  11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings of fact and recommendations.  The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may appeal only from a final judgment entered by a District

Judge.

**DONE** this January 24, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

4